UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-01456-HDV (SK) | Date | August 7, 2023 |
|---|---|---|---|
| Title | Fernando Carlos Lopez v. F. Guzman | | |

| Present: The Honorable | Steve Kim, United States Magistrate Judge |
|---|---|
| Connie Chung | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant(s): |
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE**

   Petitioner is a California state prisoner serving a sentence of life in prison for attempted murder, assault with a semiautomatic firearm, and being a felon in possession of a firearm. (ECF 1 at 2, 49). On appeal, the California Court of Appeal last year vacated his sentence and remanded for resentencing in light of recent amendments to California Penal Code § 1170. *See People v. Lopez*, 78 Cal. App. 5th 459, 468 (2022).[1] The California Supreme Court then denied further discretionary review on direct appeal. (Cal. Sup. Ct. Case No. S274856). As a result, Petitioner's case is now pending before the Riverside County Superior Court for resentencing. (Riverside Super. Ct. Case No. INF1701983). Meanwhile, in July 2023, Petitioner filed a petition here under 28 U.S.C. § 2254 challenging his state convictions. (ECF 1). But given the procedural history of Petitioner's case in the state courts, his § 2254 petition is subject to dismissal without prejudice for (at least) two reasons.

   *First*, the Court must refrain from prematurely entertaining his petition under *Younger v. Harris*, 401 U.S. 37, 45–46 (1971), while his resentencing is pending in state court. *See Page v. King*, 932 F.3d 898, 901–02 (9th Cir. 2019). Indeed, one of Petitioner's habeas claims here challenges his original sentence, which may now change because of the pending resentencing ordered by the California Court of Appeal. (ECF 1 at 6). Resentencing could therefore moot at least one of Petitioner's current habeas claims. For this and other related reasons (including the need not to interfere with pending state criminal proceedings), abstention under *Younger* is warranted. *See, e.g., Edelbacher v. Calderon*, 160 F.3d 582, 583–86 (9th Cir. 1998) (district court properly dismissed federal habeas petition under *Younger*

---

[1] *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (federal courts may take judicial notice of public dockets for state court proceedings).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-01456-HDV (SK) | Date | August 7, 2023 |
|---|---|---|---|
| Title | Fernando Carlos Lopez v. F. Guzman | | |

while resentencing in state court was pending); *Smith v. Asuncion*, 2019 WL 7938220, at *2–3 (C.D. Cal. Aug. 6, 2019) (*Younger* abstention applied during resentencing appeal in state court even though federal habeas petition sought reversal of conviction), *adopted by*, 2019 WL 7937983 (C.D. Cal. Oct. 29, 2019).

*Second*, Petitioner has not exhausted (at least) one of his four claims in the petition. A federal court cannot review a habeas petition unless all claims have first been exhausted—that is, presented to the California state courts through either a complete round of direct appeals or state habeas proceedings. *See* 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Petitioner admits that ground four in his petition was not previously presented to the California Supreme Court and that "a decision is pending." (ECF 1 at 7). Yet public records reveal no state habeas petitions yet filed in the California Supreme Court. So long as his federal petition contains even one unexhausted claim, it is subject to dismissal for lack of complete exhaustion as a mixed petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rhines v. Weber*, 544 U.S. 269, 274–75 (2005) (mixed petition may be stayed upon request only with a showing of good cause, diligence, and existence of potentially meritorious federal habeas claim).

For these reasons, Petitioner is **ORDERED TO SHOW CAUSE** on or before **Wednesday, September 6, 2023**, why the Court should not dismiss the petition without prejudice. Petitioner may satisfy this order by voluntarily dismissing this action, using the attached Form CV-09, without prejudice to refiling after a final state court judgment after resentencing has been entered and all claims exhausted. But if Petitioner files no notice of voluntary dismissal or some other timely response to this order, the petition may be involuntarily dismissed for failure to prosecute and obey court orders. *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

IT IS SO ORDERED.