UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO CARLOS LOPEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>F. GUZMAN,<br><br>　　　　　Respondent. | Case No. 5:23-cv-01456-HDV (SK)<br><br>**ORDER DISMISSING HABEAS PETITION AND DENYING CERTIFICATE OF APPEALABILITY** |

　　　　Petitioner Fernando Carlos Lopez challenges his 2020 California state conviction and sentence for attempted murder, assault with a semiautomatic firearm, and being a felon in possession of a firearm. (ECF 1 at 2, 49). But petitioner has a resentencing hearing pending in state court, and he has not exhausted at least one of the four claims in his petition. (*Id.* at 6). As a result, petitioner was ordered to show cause in writing by September 6, 2023, why the petition should not be dismissed under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 45–46 (1971), and for lack of complete exhaustion. (ECF 6 at 1–2). Petitioner was warned in that order that failure to respond could lead to involuntary dismissal of his action for lack of prosecution. (*Id.* at 2). Yet as of this order, petitioner has neither responded to the show-cause order nor asked for more time to respond. And the court has received no notice of address change or undeliverable mail to suggest that petitioner may not have seen the court's show-cause order. The court must therefore dismiss the habeas petition for lack of prosecution. *See* Fed. R. Civ. P. 41(b); L.R. 41-1; *see also Link v. Wabash R.R. Co.*, 370 U.S.

626, 629–30 (1962) (district court has "inherent power" to dismiss cases sua sponte for lack of prosecution).

In doing so, the court has considered: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [respondent]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam). These factors are "not a series of conditions precedent" that must be found before dismissing a case, but rather a set of considerations to guide the court's exercise of discretion. *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). As summarized below, each of these discretionary factors supports dismissal here.

First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Second, the court's need to manage its heavy docket of cases also supports dismissal because "resources continue to be consumed by a case sitting idly on the court's docket." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004). Third, adverse parties are presumed to be prejudiced when a litigant avoids or delays prosecution of an action—a presumption that remains unrebutted here since petitioner has not responded to the show-cause order. *See In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994) ("The failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice.") (citation omitted). Fourth, even the public policy favoring merits disposition of cases cuts against petitioner since it remains his ultimate responsibility to move a case towards that disposition. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006); *Pagtalunan v. Galaza*, 291 F.3d 639, 642–43 (9th Cir. 2002). Fifth and last, no sanction

short of dismissal is feasible given petitioner's presumed indigency. *See Stuart v. Hughes*, 2014 WL 1364927, at *3 (C.D. Cal. Apr. 4, 2014). The court already warned petitioner in the show-cause order of the potential adverse consequences, including involuntary dismissal, for failure to prosecute. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

For these reasons, the petition is DISMISSED for lack of prosecution. A certificate of appealability is DENIED because reasonable jurists would not find it debatable whether the court "was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Judgment will be entered dismissing this action without prejudice.

IT IS SO ORDERED.

DATED:  9/29/23

                                          HERNAN D. VERA
                                          United States District Judge

PRESENTED BY:

STEVE KIM
United States Magistrate Judge